# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 96-KA-00387 COA

**STEVEN WAYNE CRAWFORD**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/96 |
| TRIAL JUDGE: | HON. WILLIAM R. LAMB |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD D. LANCASTER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | SALE OF PHENOBARBITAL: SENTENCED TO SERVE A TERM OF 15 YRS IN THE MDOC; 5 YRS OF THIS SENTENCE IS SUSPENDED UPON THE GOOD BEHAVIOR OF THE DEFENDANT LEAVING 10 YRS TO SERVE |
| DISPOSITION: | AFFIRMED - 10/7/97 |
| MOTION FOR REHEARING FILED: | 10/16/97 |
| CERTIORARI FILED: | 12/8/97 |
| MANDATE ISSUED: | 3/18/98 |

BEFORE THOMAS, P.J., DIAZ, AND KING, JJ.

THOMAS, P.J., FOR THE COURT:

Steven Wayne Crawford appeals his conviction of sale of a controlled substance, to-wit,
phenobarbital, raising the following issues as error:

**I. THE STATE PROVIDED INSUFFICIENT REASONS FOR STRIKING BLACK JURORS**

**DURING JURY SELECTION.**

**II. THE TRIAL COURT ERRED IN ALLOWING OFFICER RANDY TUTOR TO TESTIFY THAT HE HAD BEEN IN LAW ENFORCEMENT FOR THE PAST FOURTEEN YEARS, AND THAT HE KNEW THE DEFENDANT AT THE TIME OF THE ALLEGED TRANSACTION.**

Finding no error, we affirm.

FACTS

On May 7, 1993, Steven Wayne Crawford sold sixty tablets of phenobarbital to undercover Police Lieutenant Rusty Haynes. Lieutenant Haynes testified that he went to Crawford's home in Chickasaw County with a confidential informant and purchased sixty tablets of phenobarbital from Crawford for $80. Haynes then inquired of Crawford about the purchase of some crack cocaine. Haynes, Crawford and the confidential informant then drove to a residence in Clay County where Crawford got out alone and went inside. Haynes testified that he purchased five rocks of crack cocaine from Crawford for $100 after they returned to Crawford's home in Chickasaw County. After the purchase of the drugs, Haynes returned to a prescheduled meeting place and turned the drugs over to Investigator Mike Dos for processing. Haynes identified Crawford in court as the man from whom he purchased the phenobarbital and crack cocaine. Crawford was also identified by Deputy Sheriff Randy Tutor, who was involved in surveillance, as the man seated in the vehicle with Haynes and the confidential informant. Crawford admitted being in the vehicle with Haynes and the informant, but denied selling Haynes the drugs. The jury found Crawford guilty of selling phenobarbital and acquitted him of the charge of selling crack cocaine.

ANALYSIS

**I.**

**THE STATE PROVIDED INSUFFICIENT REASONS FOR STRIKING BLACK JURORS DURING JURY SELECTION.**

Crawford, a black male, invoked the *Batson* rule during the selection of the jury. He argues that the trial court violated *Batson v. Kentucky*, 476 U.S. 79 (1986), in accepting the State's reason for peremptorily challenging five black jurors. In *Batson*, the United States Supreme Court established a three-step process for evaluating a claim that the State has exercised its peremptory challenges in a racially discriminatory manner. First, the defendant must establish a prima facie case of purposeful discrimination in the selection of the jury. A prima facie showing of discrimination under *Batson* requires the defendant to demonstrate that relevant circumstances in the case raise an inference that the prosecutor exercised peremptory challenges to remove members of the venire based on their race. *Id.* at 96. To make a prima facie showing of purposeful discrimination in the selection of a jury, a defendant must establish the following:

1. That he is a member of a "cognizable racial group";

2. That the prosecutor has exercised peremptory challenges toward the elimination of veniremen of his race; and

3. That facts and circumstances raised an inference that the prosecutor used his peremptory challenges for the purpose of striking minorities.

*Conerly v. State*, 544 So. 2d 1370, 1372 (Miss. 1989) (citing *Batson*, 476 U.S. at 96-97; *Lockett v. State*, 517 So. 2d 1346, 1349 (Miss. 1987)).

Second, once the defendant establishes a prima facie case, the burden shifts to the State to articulate a race-neutral reason for challenging each of the venire members in question. *Batson*, 476 U.S. at 97-98. The defendant is allowed to rebut the racially neutral explanation if one is offered. *Bush v. State*, 585 So. 2d 1262, 1268 (Miss. 1991).

Finally, the trial judge must consider the proffered explanations and determine whether the defendant has met his burden of establishing purposeful discrimination. *Batson*, 476 U.S. at 98. The trial judge may base his decision only on the reasons given by the State if the defendant makes no rebuttal. *Bush*, 585 So. 2d at 1268. The Mississippi Supreme Court has held that a circuit court's decision in this matter is entitled to great deference, and this Court will reverse the circuit court's *Batson* findings only where those findings are clearly erroneous and against the overwhelming weight of the evidence. *Lockett v. State*, 517 So. 2d 1346, 1350 (Miss. 1987).

The State made five peremptory challenges against black members of the venire and gave race-neutral reasons to support each challenge. The first was Jennifer Lewis. Ms. Lewis approached the trial judge before the start of the voir dire and stated that she wanted to get off of the jury. The State struck her because she did not want to serve.

The State's next peremptory challenge came against Johnny Evans. Mr. Evans was struck because he was "kin to some bootleggers," and also because the prosecutor was afraid that he was related to some members of the Evans family in Calhoun County that had been charged with drug possession.

The State's third peremptory challenge came against Ruby Prescott. Ms. Prescott stated that she had a grandson that had been charged with a drug crime, and also stated one of her grandchildren had been taught by Crawford's mother.

Juror Timmie Jones was the State's fourth peremptory challenge. Mr. Jones was struck because he had two cousins who had been charged with crimes. One of the cousins was charged with a drug related offense in Chickasaw County.

The State's final peremptory challenge came against potential alternate juror David Boyd. Mr. Boyd stated that he had an uncle that had been charged with murder in Chickasaw County. Also, Mr. Boyd had previously been charged with a crime in Chickasaw County. Finally, the prosecutor struck Mr. Boyd because he had his head down the entire time during voir dire and would not look at the prosecutor.

A black alternate juror became a member of the regular jury panel prior to the verdict after the dismissal of a white juror. The jury that actually convicted Crawford of possession of phenobarbital

consisted of ten white jurors and two black jurors.

Based upon the above race-neutral reasons given by the State, the trial judge sustained each of the State's strikes and overruled Crawford's *Batson* objection. The reasons offered by the prosecutor, together with the trial court's ruling, do not give rise to the level of being clearly erroneous and against the weight of the evidence. *Lockett*, 517 So. 2d at 1350. Therefore, we hold that this issue has no merit.

## II.

**THE TRIAL COURT ERRED IN ALLOWING OFFICER RANDY TUTOR TO TESTIFY THAT HE HAD BEEN IN LAW ENFORCEMENT FOR THE PAST FOURTEEN YEARS, AND THAT HE KNEW THE DEFENDANT AT THE TIME OF THE ALLEGED TRANSACTION.**

Crawford argues that Deputy Sheriff Randy Tutor, one of the agents engaged in surveillance, should not have been allowed to testify that he knew the defendant at the time of the sale. Tutor had previously been Crawford's parole officer. The trial judge instructed Tutor not to mention the fact that he had been Crawford's parole officer. However, under Mississippi Rule of Evidence 404(b), the trial judge did allow Tutor to testify that he knew Crawford prior to the date of the transaction. Specifically, Tutor testified that he had the occasion to know Crawford for about a year, that he had met with Crawford regularly, and that he knew Crawford well.

The State argues that the evidence falls under the exceptions to Mississippi Rule of Evidence 404(b) which permit evidence of other crimes and offences where the evidence tends to demonstrate knowledge, identity, and absence of mistake. Rule 404(b) of the Mississippi Rules of Evidence states:

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The trial judge specifically instructed Tutor not to testify that he had been Crawford's parole officer, and Tutor did not mention this fact during his testimony, nor did he state that he knew Crawford in an official capacity. As far as the jury knew, Crawford and Tutor could have been neighbors or could have been playing bingo together for the past year. The jury had no idea that Tutor knew Crawford in an official capacity. The testimony was properly admitted under Rule 404(b) to demonstrate that Tutor was not mistaken in his identification of Crawford as the man whom Tutor saw riding in the vehicle with Agent Haynes and the confidential informant. The issue has no merit.

**THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF PHENOBARBITAL AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE (5) YEARS OF THIS SENTENCE TO BE SUSPENDED UPON THE GOOD BEHAVIOR OF THE APPELLANT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO**

**CHICKASAW COUNTY.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**